HAMILTON COSCO, INC.,

v.

NELSON'S KIDDIE CITY PLYMOUTH VALLEY, INC., Nelson's Kiddie City Roslyn, Inc., Kiddie City Elmwood, Inc., Nelson's Kiddie City Collingdale, Inc. and Kiddie City, Inc.

Civ. A. Nos. 26113–26117.

United States District Court
E. D. Pennsylvania.
May 25, 1959.

Robert M. Landis, Philadelphia, Pa., Barnes, Dechert, Price, Myers, Rhoads, Philadelphia, Pa., of counsel, for plaintiff.

Edward M. Snyder, Fred Lowenschuss, Philadelphia, Pa., for defendants.

KRAFT, District Judge.

These suits are brought by a manufacturer of household and juvenile furniture under its registered trade-mark to enforce by injunction the Pennsylvania Fair Trade Act against five retailers in metropolitan Philadelphia, who have offered for sale and sold plaintiff's fair-traded products at less than the established fair trade prices.

Hearings were held on April 13 and 24, 1959, on plaintiff's motion for a preliminary injunction. The parties in each case have stipulated that the evidence then received shall comprise the record upon which final judgment may be entered.

Counsel have submitted requests for findings of fact, conclusions of law, and supporting briefs. From the evidence we make the following

## Findings of Fact

1. Plaintiff is an Indiana corporation with its principal office and place of business in Columbus, Indiana. Prior to December 31, 1958 its corporate name was Hamilton Manufacturing Company.

2. Defendant, Nelson's Kiddie City Plymouth Valley, Inc., is a Pennsylvania corporation engaged in the retail merchandise business at 811 Germantown Pike, Plymouth Valley, Pennsylvania.

3. Defendant, Nelson's Kiddie City Roslyn, Inc., is a Pennsylvania corporation engaged in the retail merchandise business at 1180 Easton Road, Roslyn, Pennsylvania.

4. Defendant, Kiddie City Elmwood, Inc., is a Pennsylvania corporation engaged in the retail merchandise business at 7124 Elmwood Avenue, Philadelphia, Pennsylvania.

5. Defendant, Nelson's Kiddie City Collingdale, Inc., is a Pennsylvania corporation engaged in the retail merchandise business at 1011 MacDade Boulevard, Collingdale, Pennsylvania.

6. Defendant, Kiddie City, Inc., is a Pennsylvania corporation engaged in the retail merchandise business at 7951 Oxford Avenue, Philadelphia, Pennsylvania.

7. Plaintiff is the manufacturer and vendor of certain household and juvenile furniture which it makes and sells under its own duly registered trade-mark "Cosco" and which is in fair and open competition in Pennsylvania and elsewhere with commodities of the same general class produced and distributed by others.

8. Plaintiff has expended large sums of money in promoting and advertising its furniture and has established a valuable reputation and goodwill for such furniture and the trade-mark under which it is produced and sold.

9. Plaintiff's advertising program consists of national consumer advertising in magazines, such as The Saturday Evening Post, Good Housekeeping and Better Homes and Gardens and national trade advertising in trade journals such as Home Furnishings Review, Juvenile Merchandising, and Hardware Age. Plaintiff also conducts a dealer cooperative advertising program in local newspapers of general circulation under which it pays 50% of the cost of dealers' advertisements of its products.

10. "Cosco" household furniture is among the widely advertised products in this line on a national basis.

11. In 1958 the sale of "Cosco" household furniture in the United States amounted to $9,949,284.

12. In 1958 the sale of "Cosco" household furniture in the states east of the Mississippi River amounted to $4,993,515.

13. In 1958 the sales of "Cosco" household furniture in the Philadelphia area totalled $722,235.

14. In 1958 the plaintiff expended $843,378 in advertising "Cosco" household furniture.

15. The value of plaintiff's goodwill is substantially in excess of $50,000 and the amount in controversy in each action is in excess of $10,000.

16. The sale of "Cosco" products by the defendants below their established fair trade price will materially and adversely affect plaintiff's goodwill.

17. Pursuant to the Pennsylvania Fair Trade Act, Act of June 5, 1935, P.L. 266, as amended, 73 P.S. §§ 7-11, plaintiff has entered into agreements with retail dealers in Pennsylvania under which plaintiff established minimum retail prices for its household and juvenile furniture.

18. On or about February 10, 1959 plaintiff notified each defendant of the existence of such fair trade contracts.

19. On or about February 10, 1959 plaintiff notified each defendant of plaintiff's minimum retail prices for its household and juvenile furniture which it had established under the provisions of the Pennsylvania Fair Trade Act.

20. Each of the defendants maintained a policy of selling all merchandise, whether fair-traded or not, at a discount from the manufacturer's list price.

21. The defendants have been selling "Cosco" products at less than the fair trade price since June, 1958, and there is no persuasive evidence that the institution of this price policy at this time was a response to price cutting by their competitors.

22. On February 27, and March 10, 1959 each defendant offered for sale and sold at retail, juvenile furniture manufactured and sold by plaintiff, at less than the price established by the plaintiff in its fair trade agreements.

23. Each of the defendants displayed signs on items of "Cosco" furniture in its store showing the advertised fair trade price and the store's selling price which in each instance was from $1 to more than $3 less than the established fair trade price.

24. About three weeks after these suits were filed, employees of these defendants and the wife of one of their store managers shopped at nine different retail stores. At each of these stores a single purchase of "Cosco" furniture at less than the fair trade price was made.

25. None of the defendants notified Hamilton Cosco of these price violations or of one other price violation, by two of the same stores, of which defendants' president learned before Christmas, 1958.

26. Two days after plaintiff learned of these violations from the testimony of defendants' witnesses at the first hearing on April 13, 1959, plaintiff's counsel sent warning letters to each of the nine stores.

27. A week after the first hearing plaintiff's district sales representative visited all nine of the stores, restored the fair trade prices in two stores which were not then observing them, and obtained signed fair trade contracts from eight of the nine stores. A price survey that was made several days later showed that each of the nine stores was maintaining Cosco's fair trade prices.

28. Plaintiff enforces its fair trade prices with reasonable diligence and effectiveness, including the use of legal proceedings where necessary.

## Discussion

The foregoing findings of fact, most of which are not in dispute, are supported by clear and credible evidence.

The Pennsylvania Fair Trade Act (Act of June 5, 1935, P.L. 266), as amended, 73 P.S. §§ 7–11, provides in Section 2 as follows:

"Wilfully and knowingly advertising, offering for sale, or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of section one of this act, whether the person so advertising, offering for sale, or selling is, or is not, a party to such contract, is unfair competition and is actionable at the suit of such vendor, buyer or purchaser of such commodity. It shall, however, be a complete defense to such an action for the defendant to prove that the party stipulating such price, after at least seven days written notice given by the defendant prior to the commencement of such action, has failed to take reasonable and diligent steps to prevent the continuation of such advertising, offering for sale or selling, by those in competition with the defendant, who were specified in such notice."

Defendants introduced evidence to show that their representatives had made a single purchase of a piece of "Cosco" furniture at less than the fair trade price at nine retail establishments. These purchases were made three weeks after the commencement of the instant actions. Defendants' president, Nelson, testified that on one occasion before Christmas, 1958, he had also stopped in two of these same stores and found them selling "Cosco" products at less than the fair trade price. Nelson admitted that none of the defendants had ever notified plaintiff of any of these occurrences. Plaintiff moved to strike this testimony because defendants had failed to comply with the provisions of the Act, above quoted.

■ We think plaintiff's motion must be denied. Defendants, it is true, whol-

ly failed to comply with the mandate of the Act, but we think the testimony was admissible by way of a general defense of lack of enforcement of plaintiff's fair trade prices. We have concluded, however, that defendants have failed to establish that defense.

 The evidence clearly establishes that defendants have engaged in unfair competition, and, accordingly, plaintiff is entitled to the relief prayed for in the complaint. Lentheric, Inc. v. F. W. Woolworth Co., 1940, 338 Pa. 523, 13 A.2d 12; Olin Mathieson Chemical Corporation v. L. & H. Stores, Inc., 1958, 392 Pa. 225, 139 A.2d 897.

### Conclusions of Law

1. This Court has jurisdiction over the parties to and the subject matter of each action.

2. Each defendant has wilfully and knowingly offered for sale and sold "Cosco" products in violation of the provisions of the Pennsylvania Fair Trade Act.

3. The aforesaid actions of each defendant constitute unfair competition under the Pennsylvania Fair Trade Act.

4. The continued violation by each defendant of the Pennsylvania Fair Trade Act threatens irreparable injury to plaintiff's goodwill in its "Cosco" products.

5. Under the Pennsylvania Fair Trade Act a defendant which seeks to invoke the defense of non-enforcement provided by the 1956 amendment is obliged to notify the fair trade manufacturer of other price violations by its own competitors at least seven days prior to the filing of suit. Since none of the defendants in these cases gave such notice to the plaintiff, this defense is unavailable to each defendant.

6. Plaintiff has no adequate remedy at law.

7. Plaintiff is entitled to final judgment against each defendant with costs.